## West Washington Street.

*Road law—Boroughs—Original grading—Ordinance.*

1. It does not necessarily follow because a borough cuts down some of the high points in a country road within the limits of the borough, and cuts them down with reference to a general line of a street suggested by the borough engineer, that a grade is legally established.

2. Where a borough repairs a street within its limits, which was a country road, in order to make it more passable and safe, and not for the purpose of reducing it to a permanent fixed grade, the abutting property owners are not relieved subsequently from the payment of an assessment for the actual grading of the street.

3. In such a case no persuasive effect is to be attached to the fact that competitive bids were invited for making certain cuts and fills at the time the borough repaired the street or road.

Argued May 13, 1909. Appeal, No. 71, April T., 1909, by S. C. Cox et al., from order of C. P. Lawrence Co., March T., 1907, No. 64, dismissing exceptions to report of viewers In re Assessment of Damages for Grading of West Washington Street. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of viewers. Before PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Richard F. Dana,* with him *Robert K. Aiken, Charles R. Davis, E. F. G. Harper, Oscar L. Jackson, B. A. Winternitz* and *A. Martin Graham,* for appellants.

*James A. Gardner,* city solicitor, for appellee.

Opinion by Henderson, J., October 11, 1909:

This is an appeal from the assessment of benefits for grading West Washington street in the city of New Castle. The objection of the appellants to the assessments is that the street was formerly graded by the borough of West New Castle in which it was a highway, prior to the annexation of that borough to the city of New Castle in 1897. In support of their objection the appellants offered evidence showing that in May, 1889, the borough council adopted a grade for West Washington street in accordance with one of two lines submitted by the borough engineer. At this time the street had not been adopted by the borough, it having been a country road before that. On June 24, 1889, an ordinance was passed declaring the road a borough street. No grade, however, was fixed by the ordinance. Minutes of the council at later meetings show a report of the engineer estimating the number of cubic yards of earth to be moved at Mrs. Duffy's corner, on Thomas Davis Hill, and on Kimberly's Hill along West Washington street. At a later time bids were solicited for the "cut" on Duffy's Hill, for the "cut" on Kimberly's Hill and for the "cut" in front of Thompson's lot. Bids were submitted for the excavation of these parts of the street, but were apparently not accepted, for on June 18, 1890, the contract for grading the street was awarded to William Mitchell because a former bidder had refused to go into a contract at the price of his bid. The work done by Mitchell was between Atlantic avenue and Smithfield street and only included work in the wagon-way. This improvement was carried on under the direction of the street committee, who changed the plan in part from the line to which Mitchell supposed he was to grade. No gutters nor paving were constructed by him. At a later date, however, cobble-stone gutters were put in to prevent the washing on the grades. No ordinance

was ever passed establishing a grade for the street, but the appellants contend that the action of the borough shows a grading of the street according to a defined line and that the improvement for which they are now charged is for regrading for which they are not liable. The position of the appellee is that the work done by the borough was merely a repair of the street and an improvement of the grade at points where by reason of the presence of hills the travel on the road was rendered difficult; that the approval of the profile line submitted by the engineer was tentative and conditional only and was not a legislative act, the burgess not having approved the resolution and the road not having been ordained a street of the borough. The existence of an ordinance regularly adopted providing for a change of grade of a street is not absolutely necessary as a condition precedent to the fixing of a particular grade line. The actual recognition of such a line and acquiescence therein by the borough authorities might be sufficient, but the absence of municipal legislative action raises a strong presumption that it was not the purpose of the municipality to establish a grade. It does not necessarily follow because the borough cut down some of the high points in the road and cut them down with reference to a general line of the street suggested by the engineer that a grade was legally established. What was done was done at the cost of the borough and seems to have been undertaken for the purpose of improving a part only of the street. Those portions lying east of Front street and west of Smithfield street were not included in the work of grading then carried on. It is contended that the borough ordinance of August 18, 1890, providing for the building of sidewalks on this street, shows that the street had been graded, but the established grade referred to in that ordinance is evidently a sidewalk grade and not necessarily connected with the grading of the wagon-way. We think no persuasive effect is to be attached to the fact that competitive bids were invited for making the cuts and fills at the time the borough improved the street. It probably was more profitable to proceed in that way than by the employment of labor by the day and either method might have been adopted without reference to the question whether the work was to be done on a

street in which the grade had been lawfully established or on a country road in the borough which was in process of repair. The learned judge of the court below was of the opinion that the work done by the borough was repairing to make the street more passable and safe and that it was not for the purpose of reducing the street to a permanent fixed grade, and that the abutting property owners are not relieved from the payment of the present assessment by reason of what was then done. We do not find a sufficient warrant in the evidence to declare that he was in error in this conclusion.

The assignments of error are therefore overruled and the order affirmed.

RICE, P. J., and HEAD, J., dissent.